

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Sep-10-2015 2:14 pm

Case Number: CGC-15-547861

Filing Date: Sep-10-2015 2:01

Filed by: ARLENE RAMOS

Juke Box: 001   Image: 05070040

COMPLAINT

REYNOLD BRYAN VS. ACCENTURE LLP ET AL

001C05070040

**Instructions:**
Please place this sheet on top of the document to be scanned.

Ex. A, Pg. 3

BY FAX

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ACCENTURE LLP; and DOES 1-50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

REYNOLD BRYAN, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Francisco County Superior Court, 400 McAllister Street, San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
**CGC 15-547861**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Christopher R. LeClerc, 235 Montgomery Street, Suite 1019, San Francisco, CA 94104; (415) 445-0900

DATE: SEP 10 2015    CLERK OF THE COURT    Clerk, by ARLENE RAMOS, Deputy
*(Fecha)*                    *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Ex. A, Pg. 4

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Christopher R. LeClerc (SB#233479)<br>LeClerc & LeClerc LLP<br>235 Montgomery Street, Suite 1019<br>San Francisco, CA 94104<br>TELEPHONE NO.: 415.445.0900  FAX NO.: 415.445.9977<br>ATTORNEY FOR (Name): Plaintiff Reynold Bryan | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br>SEP 10 2015<br>CLERK OF THE COURT<br>BY: _Arlene Ramos_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Bryan v. Accenture LLP

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC 15-547861<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): Ten
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: September 9, 2015
Christopher R. LeClerc
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

Ex. A, Pg. 5

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**   Page 2 of 2

Ex. A, Pg. 6

Christopher R. LeClerc, Esq. (SB# 233479)
**LE CLERC & LE CLERC LLP**
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 445-0900
Fax: (415) 445-9977
Email: chris@leclerclaw.com

Attorneys for Plaintiff
REYNOLD BRYAN

**FILED**
Superior Court of California
County of San Francisco

SEP 10 2015

CLERK OF THE COURT
BY: _____
Deputy Clerk

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

SAN FRANCISCO COUNTY

[UNLIMITED JURISDICTION]

| | |
|---|---|
| REYNOLD BRYAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ACCENTURE LLP; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. **CGC 15-547861**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br>1. **Discrimination on the Basis of Age and Race in violation of the FEHA;**<br>2. **Failure to Take Reasonable Steps to Prevent Discrimination and Retaliation from Occurring;**<br>3. **Retaliation in Violation of the Labor Code;**<br>4. **Wrongful Termination in Violation of Public Policy;**<br>5. **Failure to Pay Wages;**<br>6. **Failure to Overtime Wages;**<br>7. **Failure to Pay All Wages Owing At Time of Separation;**<br>8. **Failure to Provide and Maintain Accurate Wage Records;**<br>9. **Failure to Provide Human Resources Records in Violation of Labor Code sections 226, 432, and 1198.5; and**<br>10. **Unfair Business Acts and Practices.**<br><br>**JURY TRIAL DEMAND** |

BY FAX

LE CLERC & LE CLERC LLP
235 Montgomery Street, Suite 1019 ♦ San Francisco, CA 94104

---
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 7

Plaintiff alleges as follows:

## PARTIES

### PLAINTIFF

1. Plaintiff REYNOLD BRYAN ("Plaintiff" or "BRYAN") is an African American male over forty years of age. Until his unlawful termination described *infra*, Plaintiff was employed by Defendant ACCENTURE LLP in San Francisco County.

### DEFENDANTS

2. Defendant ACCENTURE LLP is a global management consulting, technology services and outsourcing company doing business in the City and County of San Francisco, California.

3. The true names and capacities of defendants sued in the Complaint under the fictitious name of DOES 1 through 50, inclusive, are unknown to plaintiff who therefore sues defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

4. Hereinafter, ACCENTURE and DOES 1 through 50 are collectively referred to as "Defendants."

5. Whenever reference is made in this complaint to any act of any corporate or other business entity defendant, such allegations shall mean that such defendant did the acts alleged in the complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority. Additionally, whenever reference is made to any act of any natural person employed by any corporate or other business entity Defendant, such allegations shall mean that such person did the acts alleged in the complaint while acting within the scope of their actual or ostensible authority.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times, each

- 1 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 8

LE CLERC & LE CLERC LLP
235 Montgomery Street, Suite 1019 ♦ San Francisco, CA 94104

Defendant, and each of its agents, acted as an agent, representative, employer and/or employee of each of the other defendants and acted within the course and scope of said agency or representation or employment with respect to the causes of action in this complaint.

## *JURISDICTION & VENUE*

7. Plaintiff brings this action pursuant to and under the California Government Code, the California Labor Code and related regulations, and other common and statutory laws.

8. Venue is proper in this Court because the acts and/or omissions and events set forth in this Complaint occurred in whole or in part in San Francisco County, California.

9. Plaintiff was employed by Accenture in San Francisco County, California.

10. State policy favors jurisdiction and venue in San Francisco County, California, because the State of California has a policy of protecting California residents and ensuring the applicability of California laws.

11. Plaintiff is informed and believes, and thereon alleges, that witnesses and evidence relevant to this case are located in San Francisco County, California.

12. Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to the parties herein favor the filing of this lawsuit in this Court. Defendant suffers no burden or hardship by having to defend this case in this Court. However, Plaintiff would suffer severe and undue burden and hardship if he was required to file in an alternative forum, if any such forum exists. Such burden and hardship on Plaintiff includes, but is not limited to, prohibitive monetary expenses for travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and depose and interview witnesses.

13. The amount in controversy exceeds the minimum jurisdictional threshold of this Court.

## *EXHAUSTION OF ADMINISTRATIVE REMEDIES*

14. Plaintiff has discharged all necessary administrative remedies and this matter is ripe for adjudication before this Court.

15. On June 11, 2015, Plaintiff filed a charge with the California Department of Fair

- 2 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 9

Employment & Housing against Accenture. Plaintiff requested and received an immediate right-to-sue notice.

### GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. At all times relevant to this complaint, ACCENTURE was an employer within the meaning of the California Fair Employment & Housing Act, Cal. Govt. Code § 12940, et seq. (the "FEHA"), and the California Labor Code. At all times relevant to this complaint, until his unlawful termination described *infra*, Plaintiff was an employee of ACCENTURE within the meaning of the FEHA and the California Labor Code.

17. At all times during his employment, Mr. Bryan adequately performed his job duties and responsibilities. By his diligence and job performance, Mr. Bryan earned a substantial bonus which was payable in or about March 2014.

18. Notwithstanding Mr. Bryan's earning of the bonus, ACCENTURE did not pay his bonus. Mr. Bryan inquired several times into where the bonus was, and he was told that he would be paid it at some later date. When those dates came, the bonus was not paid.

19. Mr. Bryan telephoned his supervisor, after attempts to receive his bonus were unsuccessful, and his supervisor informed him that he was coming to San Francisco the following day to meet with him. That day, his supervisor instructed Mr. Bryan that he was subject to a reduction in force, and that his employment would be terminated at the end of August 2014. On information and belief, this termination was substantially motivated by Bryan's insistence that he be paid the wages he was owed.

20. Bryan continued to request his bonus, some of which was eventually paid. However, when paid, on information and belief, the amount was not consistent with the amount he was owed. Additionally, Defendant failed to pay Mr. Bryan interest for its failure to pay his wages when due and owing. Mr. Bryan has asked for an accounting of this bonus and the company has thus far refused to provide one.

21. Mr. Bryan's job was listed as open and available on the company's website on the day he was informed that he would be the subject to a reduction in force. It continued to be listed and ACCENTURE continued to seek candidates for that position. Further, on

- 3 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____ )

Ex. A, Pg. 10

information and belief, younger, non-African American employees that did not have a history of performing as well as Mr. Bryan, were not the subject of the termination. On information and belief, Mr. Bryan's employment termination was substantially motivated by his race and his age.

22. Throughout his employment with Defendant ACCENTURE, Plaintiff performed work in excess of eight hours a day and forty hours per week. At all relevant times during his employment, Plaintiff was improperly categorized by ACCENTURE as an employee "exempt" from overtime, and as a result, Defendant failed to pay Plaintiff premium wages for hours worked in excess of eight hours per day or forty hours per week. Notwithstanding Defendant ACCENTURE's characterization of Plaintiff as exempt from these provisions, no applicable exemption applies. Consequently, Defendant ACCENTURE's failure to pay Plaintiff these wages constitutes a violation of Labor Code section 510.

23. Additionally, on information and belief, Plaintiff was not paid earned wages.

24. Additionally, Plaintiff has requested that he be provided with payroll records, records he signed as an incident to employment, as well as records related to any grievance associated with his job performance. These requests were made pursuant to Labor Code sections 226, 432, and 1198.5. ACCENTURE never provided any records subject to those requests. As a result of its failure to provide those records, Plaintiff will be seeking the penalties associated with those provisions and injunctive relief requiring it to provide that information.

## FIRST CAUSE OF ACTION
### Discrimination in Violation of the FEHA
### [Against Defendant ACCENTURE]

25. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

26. The FEHA makes it unlawful to discriminate against an employee on the basis of an age and/or race. See Govt. Code § 12940(a).

27. Defendants discriminated against Plaintiff on the basis of his age and/or race, including

- 4 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 11

without limitation by adversely affecting the terms and conditions of his employment, as well as by terminating his employment.

28. Defendants' discriminatory treatment of Plaintiff caused him economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

29. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SECOND CAUSE OF ACTION
Failure to take Reasonable Steps to Prevent Discrimination and Retaliation from Occurring in Violation of the FEHA
[Against Defendant ACCENTURE]

30. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

31. Plaintiff was subjected to discrimination in violation of the FEHA.

32. ACCENTURE failed to take reasonable steps to prevent the discrimination from occurring.

33. Defendants' failure to prevent discrimination and retaliation from occurring has caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

- 5 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 12

34. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION
Retaliation in Violation of the Labor Code Sections 98.6 & 1102.5(b)
[Against Defendant ACCENTURE]

35. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

36. Plaintiff engaged in activities protected by law, including without limitation, requesting that he be paid the bonus he earned.

37. ACCENTURE was aware that Plaintiff had engaged in protected conduct, and took retaliatory adverse employment actions against Plaintiff because of his involvement, including without limitation, terminating his employment. On information and belief, it also took such action because it believed that Mr. Bryan would engage governmental entities, such as the labor commissioner.

38. Defendants' retaliatory conduct caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

39. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified.

- 6 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 13

Plaintiff is therefore entitled to recover and herein prays for punitive damages. WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FOURTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### [Against Defendant ACCENTURE]

40. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

41. Plaintiff was an employee of Defendant ACCENTURE. Plaintiff was terminated by ACCENTURE.

42. California has fundamental, substantial, and well-established public policies against age and racial discrimination, and against retaliating against employees who exercise their rights under the labor code.

43. Plaintiff is informed and believes and thereon alleges that Defendants' termination of Plaintiff was tortuous in that it acted with unlawful motive which contravenes these public policies in terminating Plaintiff's employment, in violation of the public policies identified herein.

44. Defendants' unlawful discharge of Plaintiff has caused him economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, mental and emotional distress and discomfort.

45. Each act alleged herein was performed, condoned, acquiesced in, or ratified by an officer direct or managing agent of Defendant. The acts done herein were done maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

- 7 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 14

below.

## FIFTH CAUSE OF ACTION
### Failure to Pay Wages
### [Against Defendant ACCENTURE]

46. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

47. Plaintiff earned compensation which Defendant failed to pay him.

48. Wherefore, Plaintiff was damaged as a result of Defendant's failure to pay him wages, in an amount to be proven at trial, but which is in excess of the jurisdictional limit of this Court.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

## SIXTH CAUSE OF ACTION
### Failure to Pay Overtime Wages
### [Against Defendant ACCENTURE]

49. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

50. Plaintiff worked hours in excess of eight in a day and forty in a week and was not compensated at all.

51. Defendant should have compensated Plaintiff at a rate of one and one half times his regular hourly rate for hours worked in excess of eight in a work day or forty in a work week, and twice his regular hourly rate for hours worked in excess of twelve in a work day.

52. Plaintiff is entitled to recover from Defendants, and each of them, unpaid overtime wages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

## SEVENTH CAUSE OF ACTION
### Failure to Pay All Wages Owing at the Time of Separation
### [Against Defendant ACCENTURE]

53. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

- 8 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 15

54. California Labor Code Section 201 states that all wages owed are due and payable immediately upon an employee's termination. California Labor Code Section 202 states that all wages owed are due and payable within three days of an employee's resignation. California Labor Code Section 203 provides that, in the event an employee is not paid all wages owing at the time of termination or within three days of resignation, the employee continues to accrue wages upon a daily basis until fully paid.

55. Plaintiff was provided advanced notice that his employment would be terminated, however he was not paid all wages owing at the time of his termination and therefore he is entitled to continuing wages under Section 203.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

### *EIGHTH CAUSE OF ACTION*
Failure to Provide and Maintain Accurate Wage Records
[Against All Defendants]

56. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

57. California Labor Code section 226(a) sets forth numerous "accurate" items which must accompany furnish to employees with their paychecks ("paystubs") and which it must maintain for a period of not less than three years. Included in those items, are numerous items that Defendant did not accurately provide and retain. These items include, but are not limited to: (1) a statement of accurate gross wages earned by Plaintiff; (2) a statement of total hours worked by Plaintiff; (3) a statement of net wages earned; and (4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.

58. Plaintiff is informed and believes and thereon alleges that ACCENTURE's failure to provide accurate information in both paystubs and in its records was a result of ACCENTURE's own knowing and intentional conduct. As a direct and proximate result of ACCENTURE's failure to provide accurate information to Plaintiff about working hours and wages owing, Plaintiff was injured in an amount to be proven at trial, but not

- 9 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 16

less than $50 for the initial pay period in which these violations occurred and an additional $100 per pay period thereafter. (*See* Labor Code § 226(e).)

59. Plaintiff is also seeking an injunction against ACCENTURE, pursuant to Cal. Labor Code § 226(g), to prevent it from continuing to violate Section 226(a).

### NINTH CAUSE OF ACTION
*Failure to Provide Human Resources Records (Labor Code sections 226, 432 and 1198.5)*
[Against Defendant ACCENTURE]

60. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

61. Plaintiff demanded access to records in accordance with Labor Code sections 226, 432, and 1198.5. Defendant failed to provide those records at all.

62. Wherefore, Plaintiff was injured as a result of Defendant's failure to comply with those sections and Plaintiff is seeking penalties and/or damages as a result.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

### TENTH CAUSE OF ACTION
*Unfair Business Acts and Practices (Cal. Business & Professions Code §§ 17200, et seq.)*
[Against Defendant ACCENTURE]

63. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

64. Plaintiff further brings this action pursuant to the Business and Professions Code, sections 17200, et seq., seeking restitution and/or disgorgement of monies owed for overtime wages and injunctive relief to enjoin Defendants' illegal practices.

65. Plaintiff alleges that the following practices of Defendants are unlawful and unfair business practices pursuant to Business and Professions Code §§ 17200, et seq.: 1) failure to pay employees all legally required overtime wages; 2) unjustly enriching themselves due to the same.

66. The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." Plaintiff has standing to bring this claim because he has suffered injuries in fact and has lost money as a result of Defendants' unfair competition.

- 10 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 17

67. Plaintiff brings this action in the interest of herself, in the interest of other employees of Defendants, and in the interest of the public pursuant to Business and Professions Code § 17203. Plaintiff is seeking restitution for Defendants' failure to pay his overtime wages as well as an injunction prohibiting Defendants from continuing to deny employees overtime wages now and in the future.

68. Defendants have inequitably and unlawfully conspired, agreed, arranged, and combined to violate California labor laws, as alleged herein.

69. As set forth above, Plaintiff is informed and believes and thereon alleges that by failing to pay wages to Plaintiff and other employees, Defendants have engaged in business within the State of California in a manner that injured competitors, lead to misrepresentations to the public about the manner in which Defendants engaged in business, and/or destroyed competition in violation of Business and Professions Code § 17043. Upon information and belief, Plaintiff alleges that Defendants engaged in the acts and omissions herein alleged for the purpose of profiting from lower labor costs, and obtaining an unlawful and unfair advantage, all in a scheme to engage in unfair competition, at the expense of their employees and to the detriment of public policy for the lawful and full payment of wages owing to employees.

70. Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of Defendants to pay all wages, including overtime wages, is admissible as evidence of Defendants' intent to violate the California Unfair Practices and Unfair Competition Laws.

71. As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, throughout the four year statute of limitations periods, Plaintiff was denied overtime wages to his detriment and all to Defendants' illegal economic advantage.

72. The Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff seeks restitution and disgorgement of all unpaid overtime wages

- 11 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 18

1  owing to her, in an amount according to proof, that the Defendants have enjoyed as a
2  result of the unfair business practices alleged herein.
3  73. Business and Professions Code § 17202 states: "Notwithstanding Section 3369 of the
4  Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture,
5  or penal law in a case of unfair competition." Plaintiff seeks to enforce penalties in the
6  interest of himself, in the interest of other employees of Defendants, and in the interest of
7  the general public pursuant to this section.
8  74. Unless equitable relief is granted, other employees of ACCENTURE will continue to be
9  subjected to Defendants' illegal conduct. Pursuant to Business and Professions Code §§
10  17203, Plaintiff seeks a permanent injunction enjoining Defendants' from continuing
11  violations of California's Unfair Competition Law on the grounds that such acts
12  described herein violate § 17203 of the Business and Professions Code and California's
13  public policy.
14  WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

### *PRAYER FOR RELIEF*

16  WHEREFORE, Plaintiff makes the following demand:
17  a) That process be issued and served as provided by law, requiring Defendants, and each of
18  them, to appear and answer or face judgment;
19  b) For general, special, actual, compensatory and/or nominal damages, as against
20  Defendants, and each of them, in an amount to be determined at trial, which are believed
21  to be well in excess of $75,000;
22  c) For front and back pay and other benefits Plaintiff would have been afforded but-for
23  Defendants', and each of their, unlawful conduct;
24  d) For punitive damages in an amount to be determined at trial sufficient to punish, penalize
25  and/or deter Defendants, and each of them, from further engaging in the conduct
26  described herein, and to deter others from engaging in the same or similar acts;
27  e) For disgorgement of all monies owing to Plaintiff;
28  f) For all statutory penalties provided for by law;

- 12 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 19

g) For an injunction, prohibiting Defendant from further engaging in the conduct alleged herein;

h) For costs and expenses of this litigation;

i) For reasonable attorneys' fees where appropriate;

j) For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

k) For all such other relief as this Court deems just and appropriate.

Dated: September 9, 2015

LE CLERC & LE CLERC LLP

By: _____
Christopher R. LeClerc, ESQ.
Attorney for Plaintiff
REYNOLD BRYAN

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: September 9, 2015

LE CLERC & LE CLERC LLP

By: _____
Christopher R. LeClerc, ESQ.
Attorney for Plaintiff
REYNOLD BRYAN

- 13 -
COMPLAINT FOR DAMAGES
BRYAN v. ACCENTURE LLP, et al. (San Francisco County Sup. Crt., Case No. _____)

Ex. A, Pg. 20